1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    ZURI HENLEY,                          Case No.  1:19-cv-01101-JLT (PC)

12              Plaintiff,                   **ORDER TO SHOW CAUSE WHY ACTION
                                             SHOULD NOT BE DISMISSED WITHOUT
13        v.                                 PREJUDICE FOR FAILURE TO EXHAUST
                                             ADMINISTRATIVE REMEDIES**
14    BURNES, et al.,
                                             21-DAY DEADLINE
15              Defendants.

16

17         Zuri Henley, a state prisoner, initiated this civil rights action on August 13, 2019. (*See*

18   Doc. 1.) In his first amended complaint, Plaintiff alleges that between August 12, 2019, and

19   August 23, 2019, correctional officers at California State Prison, Corcoran, subjected him to

20   retaliation, including not providing him meals, for filing a lawsuit against CDCR. (*See* Doc. 7 at

21   1, 3-4.) Plaintiff states that he filed an administrative grievance, but it "is still currently being

22   processed." (*Id.* at 1.)

23         The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect

24   to prison conditions under … any other Federal law … by a prisoner confined in any jail, prison,

25   or other correctional facility until such administrative remedies as are available are exhausted."

26   42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted

27   claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Inmates

28   are required to "complete the administrative review process in accordance with the applicable

procedural rules, including deadlines, as a precondition to bringing suit in federal court."
*Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit on August 13, 2019. Though Plaintiff's allegations are troubling, "exhaustion is mandatory under the PLRA." *Jones*, 549 U.S. at 211. Accordingly, **within 21 days,** Plaintiff shall show cause in writing why this action should not be dismissed, without prejudice, for his failure to exhaust. Alternatively, Plaintiff may file a notice of voluntary dismissal. Plaintiff is advised that failure to timely respond to this order will result in dismissal of this action with prejudice for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 6, 2020**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE