1
2
3
4
5
6
7

8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ZURI HENLEY,                          No.  1:19-cv-01101-DAD-JLT (PC)

12              Plaintiff,

13        v.                               ORDER ADOPTING FINDINGS AND
                                           RECOMMENDATIONS AND DISMISSING
14   BURNES, *et al.*,                     ACTION

15              Defendants.                (Doc. No. 13)

16

17

18        Plaintiff Zuri Henley is a state prisoner proceeding *pro se* and *in forma pauperis* in this

19   civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United

20   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        On March 9, 2020, the assigned magistrate judge issued findings and recommendations,

22   recommending that the action be dismissed due to plaintiff's failure to exhaust administrative

23   remedies prior to filing suit as required by the Prison Litigation Reform Act ("PLRA").  (Doc.

24   No. 13.)  The magistrate judge noted that plaintiff had admitted, both in his first amended

25   complaint and in his response to the court's February 6, 2020 order to show cause why the action

26   should not be dismissed, that his administrative grievance was still pending.  (*Id.* at 1; *see* Doc.

27   Nos. 7, 11.)  The findings and recommendations were served on plaintiff and contained notice

28   that any objections were to be filed within twenty-one (21) days of the date of service.  After

                                           1

receiving an extension of time to file objections on March 24, 2020, plaintiff filed timely

objections on April 24, 2020.  (Doc. Nos. 14, 15, 16.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

*de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's

objections, the court concludes that the findings and recommendations are supported by the

record and proper analysis.

In his objections, plaintiff merely recites legal standards relating to the exhaustion

requirement under the PLRA and his allegations of deliberate indifference under the Eighth

Amendment.  (*See* Doc. No. 16 at 1–2.)  However, plaintiff does not contest the magistrate

judge's conclusion that he failed to exhaust administrative remedies prior to filing this civil

action.  As the magistrate judge noted, exhaustion is mandatory under the PLRA, and

"unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (citation

omitted).  Although failure to exhaust is generally an affirmative defense that the defendant must

plead and prove, courts may dismiss a claim if, as here, the failure to exhaust administrative is

clear on the face of the complaint.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Accordingly,

1.     The findings and recommendations filed on March 9, 2020 (Doc. No. 13) are

adopted in full;

2.     This action is dismissed without prejudice due to plaintiff's failure to exhaust

administrative remedies prior to filing suit as is required; and

3.     The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  __**May 7, 2020**__                    _____

UNITED STATES DISTRICT JUDGE