1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI HENLEY,<br><br>               Plaintiff,<br><br>       v.<br><br>SGT. BURNES, *et al.*,<br><br>               Defendants. | No.  1:19-cv-01101-DAD-JLT (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REOPENING CASE<br><br>(Doc. No. 19) |

      Plaintiff Zuri Henley is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On May 8, 2020, the court adopted in full the March 9, 2020 findings and recommendations issued by the assigned magistrate judge.  (Doc. Nos. 13, 17.)  In that order adopting the findings and recommendations, the court dismissed the action due to Henley's failure to exhaust his administrative remedies prior to filing suit in federal court.  (Doc. No. 17.)  On June 11, 2020, plaintiff moved for reconsideration under Federal Rule of Civil Procedure 60(b).  (Doc. No. 19.)

      Rule 60(b) governs the reconsideration of final orders of the district court and permits a district court to relieve a party from a final order or judgment for the following reasons:

1

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, typically "not more than one year after the judgment or order or the date of the proceeding." *Id.* Such a motion should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (noting that reconsideration should be granted "sparingly in the interests of finality and conservation of judicial resources"). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion", "what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

Here, plaintiff now argues in moving for reconsideration that his efforts to exhaust his administrative remedies were stymied by circumstances beyond his control, and that his failure to exhaust prior to filing suit should therefore be excused. (Doc. No. 19 at 1.) In reviewing the pending motion for reconsideration, it became apparent to the undersigned that plaintiff was not aware that an amended complaint supersedes a prior complaint and that the court treats any

2

complaint filed prior to the most recent amended complaint as having been withdrawn.  *See A.R. Int'l Anti-Fraud Sys., Inc. v. Pretoria Nat. Cent. Bureau of Interpol*, 634 F. Supp. 2d 1108, 1119 (E.D. Cal. 2009).  In his original complaint, filed August 13, 2019, plaintiff listed eleven claims against as many as thirty-one defendants based on incidents that he alleged occurred as far back as February of 2018.  (*See* Doc. No. 1.)  Many of these original claims asserted by plaintiff were, on their face, serious in nature and included allegations of medical indifference, retaliation, and excessive use of force.  (*Id.*)  However, shortly after filing his original complaint and before the magistrate judge could screen it, plaintiff filed what he styled as an "Amended Complaint" with the court.  (Doc. No. 7.)  The "Amended Complaint" contained only a single claim in which plaintiff alleged that defendants retaliated against him for initiating the instant action by withholding his meals; the "Amended Complaint" contained no reference to the claims alleged in plaintiff's original complaint.  (*Compare* Doc. No. 7, *with* Doc. No. 1.)  The "Amended Complaint" was construed and docketed by the court as plaintiff's First Amended Complaint, thereby superseding his original complaint.  (*Id.*)  However, if it was plaintiff's intention to simply add a new and additional claim to his complaint based on events that allegedly occurred after the date his original complaint was filed, he should have moved to supplement his pleading under Federal Rule of Civil Procedure 15(d) instead of filing an amended complaint.

The court is mindful that it has an obligation, "where the petitioner is *pro se*, particularly in civil right cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Here, plaintiff appears to have made an arguably excusable procedural mistake that should not prejudice him in attempting to pursue relief on the claims he has alleged, if otherwise appropriate.[1]  Accordingly, the court will reopen this case and grant plaintiff leave to file a second amended complaint.  The second amended complaint will supersede any prior complaints and must be "complete in itself without

[1]  It is somewhat unclear to the undersigned whether the assigned magistrate judge considered whether the claims presented in plaintiff's original complaint had been administratively exhausted prior to this action being filed.  By referring this matter back to the magistrate judge for further proceedings this issue can be addressed in the first instance by the magistrate judge as well, if appropriate.

reference to the prior or superseded pleading." Local Rule 220; *see also A.R. Int'l Anti-Fraud Sys., Inc.*, 634 F. Supp. 2d at 1119. Plaintiff must ensure that the claims he alleges in this action are related to each other, because Federal Rule of Civil Procedure 18(a) prohibits "buckshot complaints" where "a plaintiff files unrelated claims against different defendants in the same suit." *Maldonado v. Yates*, No. 1:11-cv-02164-JLT PC, 2013 WL 1785980, at *3 (E.D. Cal. Apr. 25, 2013). Moreover, plaintiff "may not change the nature of this suit by adding new, unrelated claims" in his amended complaint. *Creamer v. Sherer*, No. 1:20-cv-00293-NONE-BAM, 2020 WL 3047786, at *4 (E.D. Cal. June 8, 2020). Plaintiff is advised that a short, concise statement of his factual allegations in chronological order will assist the court in identifying his claims. Plaintiff may identify which of his claims he had exhausted by presentation through the final level of administrative review prior to filing suit and which claims he contends he was prevented from exhausting and the circumstances which allegedly prevented him from doing so.

For the reasons stated above:

1.      Plaintiff's motion for reconsideration (Doc. No. 19) is granted;

2.      The Clerk of the Court is directed to reopen this case;

3.      Plaintiff is granted leave to file a second amended complaint within thirty (30) days of service of this order; and

4.      The case is referred back to the assigned magistrate judge for further proceedings consistent with this order, including screening of plaintiff's second amended complaint.

IT IS SO ORDERED.

Dated:   **July 7, 2020**                                    _____

UNITED STATES DISTRICT JUDGE